UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHAY VANG,

        Plaintiff,

        v.                                                                      Case No. 20-C-172

DELAWARE NORTH OF GREEN BAY
SPORT SERVICE,

        Defendant.

## SCREENING ORDER

Plaintiff Chay Vang, proceeding without counsel, filed a complaint against his former employer, Delaware North of Green Bay Sport Service. Plaintiff seeks to proceed *in forma pauperis* in this case and has filed the requisite affidavit of indigence. The court has reviewed the affidavit submitted in support of his motion to proceed without prepaying the filing fee and concludes that Plaintiff lacks sufficient income and/or assets to pay the filing fee. Accordingly, Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

The court has a duty to review the complaint and dismiss the complaint if it appears it fails to state a claim upon which relief can be granted or if the court lacks the authority to exercise jurisdiction over the matter. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006) ("federal courts are required to police their jurisdiction").

Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). In other words, this court cannot hear this action if it lacks subject matter jurisdiction, established

through diversity jurisdiction under 28 U.S.C. § 1332 or pursuant to a federal question under 28 U.S.C. § 1331. The plaintiff has the burden to prove subject matter jurisdiction exists. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

In this case, Plaintiff asserts he is bringing this action for wrongful termination. As for the factual basis of his claim, Plaintiff alleges that Delaware North hired a known criminal and that he got into a physical altercation with the new employee on December 3, 2017. Plaintiff asserts that he was merely defending himself, Defendant denied Plaintiff the right to explain what had occurred and terminated him. He claims his case belongs in federal court because he was unable to speak to the owner of the company and tell his story. It appears Plaintiff is bringing a common law claim for wrongful termination under state law. In the absence of any alleged federal claims, Plaintiff can only bring his state law claim in federal court based on the court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

Pursuant to 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the citizens are diverse. Jurisdiction under § 1332 exists only where "no party share[s] common citizenship with any party on the other side of the dispute." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71 (7th Cir. 1992). Corporations are citizens of every state and foreign state in which it has been incorporated and the state or foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

Plaintiff's complaint indicates that he is a resident of Green Bay, Wisconsin and that Defendant's mailing address is 1265 Lombardi Avenue, Green Bay, Wisconsin. If Plaintiff is domiciled in Wisconsin and Defendant is a Wisconsin corporation, the court would not have

diversity jurisdiction over this matter. In addition, Plaintiff does not allege an amount in controversy over $75,000; he only asserts that he has suffered lost wages and humiliation as a result of his termination. As a result, this action is dismissed *sua sponte* for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 6th day of February, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court